## Benson H. Merrill v. Frank Elliott.

1. VARIANCE—*Description of Note in Mortgage.*—A promissory note secured by a mortgage provided for interest at the rate of seven per cent per annum after date, payable annually. The mortgage described the note as bearing interest " from due until paid" but from subsequent recitals it might be inferred that the note bore interest from date. It was held that the note was properly described in the mortgage.

2. SAME.—*Objection—When Made.*—The objection that there is a variance between the allegations of the bill and the proof, must be first made in the court below; it comes too late in the Appellate Court.

Memorandum.—Bill to foreclose mortgage in the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

APPELLANT'S BRIEF, CHARLES A. BARNES AND EDWARD P. KIRBY, ATTORNEYS.

The law is well established that a mortgage must describe the indebtedness truly, or it will not prevail against creditors or *bona fide* purchasers for a valuable consideration without notice. Stearn v. Porter, 46 Conn. 313. See also Pierce v. Hall, 12 Buch. 209; Brydon v. Campbell, 40 Mich. 331; Gatewood v. House, 65 Mo. 663; Frost v. Beckman, 1 John. Chan. 288, 298.

The record of a mortgage should disclose the amount and state of the incumbrance. North v. Belden, 13 Conn. 376; Hart v. Chalker, 14 Conn. 77; White v. Carpenter, 2 Paige 248; Lally v. Holland, 1 Swan (Tenn.) 396; Battenhausen v. Bullock, 11 Ill. App. 69; 108 Ill. 28.

Merrill v. Elliott.

The spirit of the registry law requires that the record should disclose, with as much certainty as the nature of the case will admit of, the real state of the incumbrance. Jones on Mortgages, 344.

APPELLEE'S BRIEF, J. A. BELLATI AND J. P. LIPPINCOTT, ATTORNEYS.

The execution of the note, mortgage and contract were simultaneous and formed one transaction. Reavis v. Fielden, 18 Ill. 77.

The two instruments, having been made at the same time and relating to the same subject-matter, may be regarded as a single instrument, and construed together. Canterberry v. Miller, 76 Ill. 355; Baily v. Cromwell et al., 2 Scam. 72; Duncan et al. v. Charles, 4 Scam. 561.

The note is the principal thing, the mortgage the incident. Coffing v. Taylor, 16 Ill. 457; Warner v. Helen, 1 Gil. 220.

It is the duty of the court to discover and give effect to the intention of the parties, so that performance of the contract may be enforced according to the sense in which they mutually understood it at the time it was made; and where the intention of the parties to the contract is sufficiently apparent, effect must be given to it in that sense, though violence be done thereby to its words; for greater regard is to be had to the clear intent of the parties than to any particular words which they may have used in the expression of their intent. Walker et al. v. Douglass et al., 70 Ill. 445.

No inaccuracy of language, whether from false grammar, from employing a word in the wrong meaning, omitting a word or even a clause plainly meant to be inserted, inserting a word not meant, using the wrong word, or otherwise, will be permitted to defeat the intent, when it can be thus distinctly ascertained. For example, to give effect to the evident meaning "or" may be read as "and," "quarterly" as "annually," the "party of the first part" as "party of the second part." Bishop on Contracts, Section 383.

As printed words are general, intended for any like occasion, and the written were specially selected for the particular instance, the latter, in a case of conflict, will prevail.  Bishop on Contracts, Section 413.

In a case where the agreement is partly written and in part printed the preference is always given to the written part. Am. Ex. Co. v. Pinckney, 29 Ill. 392.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee filed his bill in chancery to foreclose a mortgage executed by Bettye C. Myers, to secure payment of a debt of $5,000 evidenced by three promissory notes described in the bill, bearing interest from date, to be paid annually.

The mortgage provided that in case of failure to pay the interest when it became due, the principal sum should, at the option of the mortgagee, become due, and the mortgage might thereupon be foreclosed.

The bill alleged such failure to pay interest and prayed for a foreclosure accordingly.

The appellant, who had bought the land of the mortgagor, was made a party defendant.

His defense was that by the terms of the mortgage the debt bore interest from and after the maturity of the notes and not from their date, and that he had no notice when he bought the land that the interest was payable from date. Hence he insisted the bill was prematurely filed and that it should be dismissed.

The cause was heard and a decree entered according to the prayer of the bill, from which an appeal has been perfected to this court.

The mortgage described the notes as bearing interest "from due until paid, said principal notes due three years after date, interest payable annually."

It also provided that "in case of default in payment of interest hereinabove mentioned for sixty days from and after the same shall become due, then the principal sum secured by this mortgage together with accrued interest    *

* * shall thereby become due and payable and this mortgage may be foreclosed," etc., and further that "the mortgagor reserves the privilege of paying said notes by installment at any time." The appellant admitted that he examined this mortgage as it appeared on the record. There is no pretense that it was not properly recorded. Reading all these provisions together it would be apparent that there was an inconsistency between the expression "interest from due" and the language subsequently employed. This is so striking that it could not escape observation.

1st. The interest is to be paid annually.

2d. Failure to pay it annually would mature the principal.

3d. The mortgagor reserved the privilege of paying the notes by installments at any time.

Any careful reader would infer that the notes bore interest from date. At least he would have reflected that here were three subsequent provisions which were wholly without meaning if the interest ran only from maturity. If in doubt as to the true meaning of the language thus employed, the law would put him upon inquiry and would charge him with knowledge of all that he might have learned upon diligent prosecution of such inquiry.

The appellee testified that appellant called on him before buying the land for information as to the amount then due on the notes and that he then and there gave him the necessary data, that is, the date of the notes, the amount of interest paid and what date, but did not then compute the sum then due because it was uncertain when the trade would be consummated. The appellant denies the material part of this statement, but we can not say that there is any reason why the court should not believe the story as told by the appellee.

Still further, it appears from the appellant's own admission that before he made final payment of the balance due to the mortgagor on the purchase of the land and while he had in his hands a sum much larger than the interest in dispute, he became fully aware of the facts, and that in order

to protect himself against loss in that respect he took from the mortgagor a special indemnity in the shape of a bond secured by a mortgage on other lands.

By that bond the mortgagor agreed to protect and keep harmless the appellant against the payment of any interest on said notes accruing between their date and maturity.

Having thus received full notice and having thereafter paid the purchase money he can not be heard to say that the mortgage did not properly describe the notes. Hence, he must look to the mortgagor for indemnity.

It is suggested that the bill should have averred a mistake in the mortgage and asked for correction of the same; that there is a variance between the _allegata_ and _probata_ and therefore the decree must be reversed.

This objection should have been made in the trial court if deemed important. If correction was necessary, an amendment to the bill would have been allowed and the decree framed accordingly.

No such objection was interposed and comes too late now. The decree will be affirmed.